## CIRCUIT COURT OF THE CITY OF NORFOLK

Johns Brothers Security

v.

Hugh Jack Jennings et al.

March 25, 2003

Case No. (Chancery) 01-1842

BY JUDGE JOHN C. MORRISON, JR.

Defendants Hugh Jack Jennings, Joseph Carragino, and Advanced Wiring Solutions, Inc. ("AWS") filed a Motion for Summary Judgment on December 9, 2002. Parties argued the motion at a hearing on Friday, December 13, 2002, at 9:00 a.m. Defendants Jennings and Carragino seek summary judgment on the ground that Johns Brothers Security, Inc. ("Johns Brothers") cannot enforce the non-competition clause against them. Both defendants signed a contract with Security Systems of Tidewater, Inc. ("SST") that contained the following language:

> This Agreement may not be altered, modified, or assigned or breach thereof waived except in writing signed by the Salesperson and by the President of the Company.

Carragino Agreement ¶ 18; Jennings Agreement ¶ 19. Defendants assert that prohibiting competition against SST is not the same thing as prohibiting competition against Johns Brothers. Therefore, Johns Brothers's acquisition of SST modified the defendants' employment contracts without their written consent. For the reasons discussed below, the Court overrules Defendants' Motion for Summary Judgment.

In Virginia, a trial court may enter summary judgment only if no material fact is genuinely in dispute. Va. Sup. Ct. Rules, Rule 3:18. When considering a motion for summary judgment, a trial court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327 (1997). Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law. It is appropriate only where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. *Id.*; *Stevens v. Howard D. Johnson Co.*, 181 F.2d 396 (4th Cir. 1950); *Hill v. Diamond*, 203 F. Supp. 877 (E.D. Va. 1962); Michie's Jur., *Judgments & Decrees*, § 217.3, at 338, 344.

Whether or not a contract has been modified is a question of fact. *John H. Maclin Peanut Co. v. Pretlow & Co.*, 176 Va. 400, 410, 11 S.E.2d 607, 611 (1940). In this case, the parties disagree as to whether or not the merger of Johns Brothers and SST modified the covenant not to compete between Defendants and their employer. Therefore, summary judgment is inappropriate. Defendants' Motion for Summary Judgment is denied.