## CIRCUIT COURT OF THE CITY OF NORFOLK

Marilyn L. Peacock

v.

City of Norfolk

September 19, 2007

Case No. CL06-1007

BY JUDGE ALFRED M. TRIPP

This case came before the Court on September 4, 2007, for a hearing on the Defendant's Motion for Summary Judgment. I have reviewed the pleadings and the memoranda submitted by the parties and the transcript of the hearing and have considered the arguments presented by counsel for both parties. The following will set forth the Court's rulings on the Motion.

### Background

On February 23, 2006, the Plaintiff, Marilyn L. Peacock, filed a Complaint against the Defendant, City of Norfolk (hereafter, "the City"), to recover damages for injuries sustained when she "stepped into an accumulation of water in a negligently maintained and repaired area of the roadway on 43rd Street, at or near Parking Lot # 52." Complaint at ¶ 6. Specifically, Plaintiff alleged that the City had a "duty to maintain and repair the shoulder area of 43rd Street across from Old Dominion University's Parking Office," but "as a result of improper maintenance and repair, progressive wear and erosion, or a combination, a hole was formed in the roadway/shoulder area." *Id.* at ¶ 4. The Plaintiff further alleged that, on May 6, 2005, she was attempting to cross the street "at or near Parking Lot # 52, and stepped into an accumulation of water in a negligently maintained and

repaired area of the roadway." *Id.* at ¶ 6. Additionally, Plaintiff alleged that the City had actual or constructive knowledge of the hole. *Id.* at ¶ 8. Finally, Plaintiff alleged that the City was grossly negligent in that it had a duty to "act with reasonable care in the maintenance and repair of the subject roadway and shoulder area" but "failed and refused to take responsibility for maintenance and repair." *Id.* at ¶¶ 11 and 13.

On March 16, 2006, the City filed a Special Plea of Governmental Immunity, and the Court conducted a hearing on that Special Plea on October 17, 2006. The City argued that the area where the Plaintiff was injured constitutes "an integral component of the city's storm-water management system." As a result, the City claimed that the Plaintiff was barred under Va. Code § 15.2-970 from bringing an action against the City for a cause arising out of "the design, maintenance, performance, operation, or existence of . . . works" undertaken as part of flood and tidal erosion efforts. After that hearing, counsel for each party filed memoranda for the Court's consideration. On February 5, 2007, the Court denied the Defendant's Special Plea and found that "the City did not introduce sufficient evidence to prove that the area of 43rd Street where Plaintiff alleges she fell is in fact a part of [the City's] storm-water management system rather than a part of the roadway."

On July 30, 2007, the City filed a Motion for Summary Judgment, alleging that the Plaintiff has failed to prove that the City had either actual or constructive notice of an alleged defect in time to have it remedied. The City argues that in interrogatories propounded by the City, the Plaintiff was asked whether or not she knew of anyone who knew of the defect, who told the City about the defect, or who had knowledge of the circumstances of the incident or injuries alleged. The City argues that the Plaintiff was not able to identify anyone with such knowledge or who had previously reported the defect to the City before the accident.

*Legal Standard*

Summary judgment may be entered only if no material fact is genuinely in dispute. Va. Sup. Ct. Rules, Rule 3:18. Furthermore, "the trial court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason," *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997). Summary judgment is only proper where the moving party is entitled to judgment as a matter of law, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. *Johns Brothers Security v. Jennings*, 61 Va. Cir. 373, 374 (2003).

*Analysis*

To recover against municipal corporations for injuries "resulting from their failure to keep streets and sidewalks in a reasonably safe condition," the Virginia Supreme Court's opinion in *West v. City of Portsmouth*, 196 Va. 510, 513-14, 84 S.E.2d 503, 505-07 (1954), requires that the following be proven:

> 1. A defective condition such as to create liability, provided the other necessary elements are present. This condition may be one created by the municipality or by third persons. 2. Actual or constructive notice to the municipality of the defective condition of the street before the accident. . . . 3. Time to put the street in a reasonably safe condition after notice (where notice is necessary) of the defect. 4. It must appear that the defective condition of the street was the proximate cause of the injury. 5. No recovery can be had if the person injured was guilty of contributory negligence. 6. Notice of the injury and the cause thereof must be given within a certain time after the accident. . . .

In *Virginia Beach v. Roman*, 201 Va. 879, 883-84, 114 Va. S.E.2d 749, 753 (1960), the Supreme Court held that, in order to hold a municipality liable, a Plaintiff must show more than a defect in the street or sidewalk and an injury resulting therefrom. He must go further and, as a general rule, must allege and show notice, actual or constructive, to the city of the existence of the defect. To satisfy this burden, Plaintiff may show "actual notice . . . to some of [the City's] officers or servants having supervision of its streets or with authority to direct work thereon. Constructive notice is where the defect complained of has existed for such a length of time that, by the exercise of ordinary care, it could have been discovered." *Id.* at 884.

The City argues that the Plaintiff has admitted in her responses to the City's interrogatories, that she has no evidence that the City had actual or constructive knowledge. However, the *West* decision instructs that "no notice need be proved" if the defect has existed for such time that "proper diligence would have discovered it." *Id.* at 514. Furthermore, the interrogatories the City relies upon do not specifically address whether or not the City had constructive knowledge of the defect. Plaintiff has stated in her Complaint that the City had "actual or constructive" knowledge of the defect, and it is possible that the Plaintiff will be able to prove that this was a latent defect of which the City, through proper diligence, should have discovered it.

*Conclusion*

The Court finds that the Plaintiff has stated sufficient facts to support each element of the cause of action. Specifically, Plaintiff stated in the pleadings that the City had "actual or constructive knowledge" of the defect. The fact that Defendant has attempted to contradict this statement proves that there is a disagreement as to a particular fact in the case. Therefore, it would be improper for the Court to sustain the Motion for Summary Judgment.

The City has requested that Summary Judgment be entered against the Plaintiff and that judgment be entered in favor of the Defendant as a matter of law. The Court is denying the City's Motion and rules in favor of the Plaintiff.